Joseph Darwin WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–94–00749–CR.

Court of Appeals of Texas,
Austin.

April 3, 1996.

Christine Byrd Webb, Burnet, for Appellant.

Sam Oatman, District Attorney, Morgan Minton, Assistant District Attorney, Llano, for State.

Before POWERS, JONES and B.A. SMITH, JJ.

POWERS, Justice.

Joseph Darwin Watson appeals from a trial-court judgment convicting him of two counts of aggravated sexual assault upon a child under age fourteen. *See* Tex.Penal Code Ann. § 22.021(a) (West 1994).[1] On Watson's plea of guilty, the trial judge fixed punishment at sixty-years imprisonment. We will reverse the punishment part of the judgment and remand the cause to the trial court for resentencing.

**THE CONTROVERSY**

Watson pled guilty on September 19, 1994, to an indictment charging him with two counts of aggravated sexual assault. Upon defense counsel's request, the trial judge ordered a presentence investigation. *See* Tex. Code Crim.Proc.Ann. art. 42.12 § 9(a) (West Supp.1996) (hereinafter the "Code"). The assessment of punishment was postponed twice because the presentence investigation was not available. On November 14, 1994, with all parties present, the trial judge imposed a sixty-year prison sentence after making the following statements:

> I don't need to hear any arguments from either side in this case. The Court has read the presentence investigation. It has

1. The offense occurred before September 1, 1994, and is governed by the law in effect at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.

Laws 3586, 3620. Because the Code amendments effective September 1, 1994, have no substantive effect on the offense at issue, the current Code is cited for convenience.

made its decision of the findings to be made and the punishment to be assessed. The trial judge prohibited either party to present evidence or argument concerning the presentence investigation or any other matter relevant to sentencing. Watson did not object at the time of sentencing and did not file a motion for new trial.

## DISCUSSION AND HOLDINGS

In his third point of error, Watson contends the trial court committed reversible error when the court denied him an opportunity to challenge the presentence investigation by comment, objection, or evidence. The Code provides as follows:

**Article 42.12**

Sec. 9.(e) The judge *shall allow the defendant or his attorney to comment on a presentence investigation* or a postsentence report and, with the approval of the judge, introduce testimony or other information alleging factual inaccuracy in the investigation or report.

**Article 37.07**

Sec. 3.(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing. . . .

. . . .

(d) When the judge assesses the punishment, he may order an investigative report as contemplated in Section 9 of Article 42.12 of this code and after considering the report, and *after the hearing of the evidence hereinabove provided for,* he shall forthwith announce his decision in open court as to the punishment to be assessed.

Code arts. 42.12 § 9(e), 37.07 § 3(a), (d) (emphasis added).

2. A motion for new trial is not required in criminal cases for the proper presentation of a point of error on appeal. Tex.R.App.P. 30(a).

3. The presentence investigation did not contain a "proposed client supervision plan" as required by section 9(a) of article 42.12 of the Code. In his first point of error, Watson complains the omission was error and contends that only an *express* waiver dispenses with the requirement.

In *Borders v. State,* 846 S.W.2d 834, 836 (Tex.Crim.App.1992), a case with strikingly similar facts, the Court of Criminal Appeals found the trial judge committed reversible error when he assessed punishment without permitting either argument or evidence thereon. The court stated that "Article 37.07 *requires* the trial court to afford a defendant the opportunity to present evidence regarding punishment." *Id.* at 835 (emphasis added). The court held also that, in light of a motion for new trial, the defendant's failure to object did not waive error for appellate review because the trial judge in effect prevented the defendant from making proper objections. *Id.* at 836.

Adopting the reasoning of *Borders,* we hold the trial court's failure to afford Watson an opportunity to present evidence or argument, relating to the presentence investigation or to punishment in general, resulted in an improper punishment under section 3 of article 37.07 and section 9 of article 42.12 of the Code. As in *Borders,* the trial judge's actions foreclosed Watson's counsel from any opportunity to raise objections and thus preserve error for appellate review. Under the circumstances Watson's failure to object on either of the statutory grounds, even in absence of a motion for new trial, does not preclude our review of the error claimed.[2]

We reverse the trial court's judgment imposing punishment and remand for further proceedings not inconsistent with this opinion.[3] Tex.Code Crim.Proc.Ann. art. 44.29(b) (West Supp.1996).

See *Marin v. State,* 851 S.W.2d 275, 279 (Tex. Crim.App.1993); *Garrett v. State,* 818 S.W.2d 227, 229 (Tex.App.—San Antonio 1991, no pet.); but see *Wright v. State,* 873 S.W.2d 77, 82–83 (Tex.App.—Dallas 1994, pet. ref'd).

Section 9(a) of article 42.12 is phrased in mandatory terms: "the report *must* include a proposed client supervision plan describing programs and sanctions [available to] the defendant

if the judge suspended the imposition of the sentence or granted deferred adjudication." Code art. 42.12 § 9(a) (emphasis added). While we do not decide whether this requirement may be waived only by an express waiver, we note its mandatory language and the general require-ment that a presentence investigation contain all information required by article 42.12, section 9(a). *Cf. Sodipo v. State,* 815 S.W.2d 551, 553–54 (Tex.Crim.App.1990); *Stancliff v. State,* 852 S.W.2d 639, 641 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).