TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00458-CR






Edward Durrell Hughes, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0984944, HONORABLE JON N. WISSER, JUDGE PRESIDING






A jury found appellant Edward Durrell Hughes guilty of possessing less than one
gram of cocaine within 1000 feet of a school. See Tex. Health & Safety Code Ann.
§§ 481.115(a), .134(d) (West Supp. 2000). The district court assessed punishment, enhanced by
previous felony convictions, at imprisonment for eight years. We will affirm.

Most of appellant's points of error relate to statements he made at the time of his
arrest. Although no written motion to suppress these statements appears in the record, the district
court held a hearing on this issue on the day trial began. The only witnesses at the hearing were
Austin Police Officers Gregory White and Antoine Lane. On the night of September 16, 1998,
the officers were patrolling an apartment complex on foot when they encountered appellant
walking toward them. The officers saw appellant, who was about ten feet away, reach into his
pocket and toss something to the ground. White picked up the object appellant had thrown, which
proved to be a plastic bag containing three rocks of crack cocaine. Lane told appellant, "[Y]ou
know, that was obvious. You know, you'd have to think that we were blind not to see what you
just done." Lane described appellant's response as, "'Listen, man, I don't want any trouble.' 
You know, 'Can we talk about this?' Things along those lines." White testified appellant "began
to cry and state that he had pitched the narcotics." Both officers testified that appellant offered
to "work off" the arrest; that is, to help the officers make other narcotics arrests in exchange for
lenience.

Appellant contends his statements to the police should not have been admitted in
evidence because he was not advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436
(1966), and because the requirements of article 38.22, section 3 were not observed. See Tex.
Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp. 2000). Miranda requires that a defendant
be advised of certain rights before custodial interrogation. See Miranda, 384 U.S. at 467-73. 
Article 38.22 requires similar advice before custodial interrogation, and further requires that oral
custodial statements be recorded. See art. 38.22, § 3(a)(1), (2). The State agrees that appellant
was in custody when the statements were made, but urges that his statements were spontaneous
and not the result of interrogation. See Miranda, 384 U.S. at 478 (volunteered statements not
barred by Fifth Amendment); Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West 1979) (statute
does not preclude admission of statement that does not stem from custodial interrogation).

Lane testified that appellant "didn't present any sort of visible threat to me" so he
took an "informal approach," using a "friendly tone" that he agreed was "an effective way to get
people to talk back . . . about what's going on and what they're doing." The officer said he was
not surprised when appellant responded. Appellant argues that Lane's testimony demonstrates that
the officer was engaged in the functional equivalent of interrogation when he elicited the
incriminating statements. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980) ("interrogation"
refers to "any words or actions on the part of the police (other than those normally attendant to
arrest and custody) that the police should know are reasonably likely to elicit an incriminating
response from the suspect").

Appellant relies on this Court's opinion in Wortham v. State, 704 S.W.2d 586
(Tex. App.--Austin 1986, no pet.). In that case, the State sought to justify the admission of an
unrecorded oral statement by the accused on the ground that it had been made during a
"conversation" with the police rather than during an interrogation. See id. at 587-89. This Court
noted, however, that the alleged conversation took place in a police car following the defendant's
arrest, that he had been advised of his rights pursuant to Miranda, and that the officers had
engaged in questioning, asking him "why he did it" and "if he wanted to go ahead and talk to us." 
See id. We concluded that the resulting statement to the police was the product of interrogation
or its functional equivalent. See id. at 587.

The facts now before us are distinguishable from those in Wortham. While the
State concedes that appellant was in custody, he had not been handcuffed or placed in a police
vehicle. Lane did not ask appellant any questions, but merely remarked that he had seen appellant
throw the baggie to the ground. The mere fact that a person is in custody does not mean that any
statement or remark by an officer to the person constitutes an interrogation. See Innis, 446 U.S.
at 302-03; Jones v. State, 795 S.W.2d 171, 174 n.3 (Tex. Crim. App. 1990). An officer's
decision to adopt an "informal approach" and "casual tone" with a suspect does not necessarily
constitute the functional equivalent of interrogation, at least under the facts shown here. What
was said in Innis also applies here:


The case thus boils down to whether, in the context of a brief conversation,
the officers should have known that the respondent would suddenly be moved to
make a self-incriminating response. . . . This is not a case where the police
carried on a lengthy harangue in the presence of the suspect. Nor does the record
support the respondent's contention that, under the circumstances, the officers'
comments were particularly "evocative." It is our view, therefore, that the
respondent was not subjected by the police to words or actions that the police
should have known were reasonably likely to elicit an incriminating response from
him.



446 U.S. at 303. We conclude that appellant's statements to Lane were spontaneous and not the
product of custodial interrogation, and that their admission did not violate either Miranda or
article 38.22, section 3. Points of error one and two are overruled.

In point of error five, appellant complains that the district court did not make
written findings of fact regarding the voluntariness of his confession as required by article 38.22,
section 6. See Tex. Code Crim. Proc. Ann. art. 38.22, § 6. The State argues that such findings
were not required because appellant's statements were not the product of custodial interrogation. 
This argument is without merit because section 6 applies in all cases in which the voluntariness
of a statement by the accused is challenged. See State v. Terrazas, 4 S.W.3d 720, 727 (Tex.
Crim. App. 1999). Nevertheless, findings of fact were not required because there were no
disputed fact issues at the hearing regarding the voluntariness of appellant's statements. See Perez
v. State, 674 S.W.2d 851, 854 (Tex. App.--Corpus Christi 1984, no pet.). The officers testified
without contradiction and the only issues for the court to decide were legal. Moreover, appellant
did not question the voluntariness of his statements at the hearing. Instead, his challenge to the
admissibility of the statements was limited to the Miranda and article 38.22, section 3 issues
previously discussed. Point of error five is overruled.

Next, appellant contends the district court should have instructed the jury pursuant
to article 38.22, section 6, which provides that when "evidence pertaining to" the voluntariness
of a statement is introduced at trial, the jury must be instructed not to consider the statement
unless it believes beyond a reasonable doubt that it was made voluntarily. See Tex. Code Crim.
Proc. Ann. art. 38.22, § 6 (West 1979). Section 6 is not limited to statements resulting from
custodial interrogation but applies whenever a question is raised at trial as to the voluntariness of
a statement. See Terrazas, 4 S.W.3d at 727. A section 6 instruction is required only if an issue
is raised before the jury regarding the voluntariness of a statement. See Butler v. State, 872
S.W.2d 227, 237 (Tex. Crim. App. 1994); Hernandez v. State, 819 S.W.2d 806, 812-13 (Tex.
Crim. App. 1991); Wagner v. State, 687 S.W.2d 303, 307 (Tex. Crim. App. 1984).

The trial testimony regarding appellant's statements to the police was substantially
identical to that adduced at the suppression hearing. Appellant urges that this testimony raised
the voluntariness issue because Officer Lane's remarks were "made to extract a confession,"
because he was not advised of his rights, and because he was deceived by the officers. We are
not persuaded that Lane's remark to appellant regarding his obvious attempt to dispose of the
contraband was designed to extract a confession, and we decline to hold that a police officer's
offhand or taunting remarks to a suspect constitute coercion or otherwise render any statement by
the suspect involuntary. We have held that it was unnecessary to advise appellant of his rights
because he was not being interrogated. And appellant does not explain how he was deceived by
the officers. Because there was no evidence that appellant's statements were involuntary, a
section 6 instruction was not required. Point of error three is overruled.

Appellant further contends he was entitled to a jury instruction pursuant to article
38.23, the statutory exclusionary rule. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (West
Supp. 2000). Article 38.23(a) provides that when an issue is raised as to whether evidence was
unlawfully obtained, the jury must be instructed to disregard the evidence unless it finds beyond
a reasonable doubt that the challenged evidence was lawfully obtained. See id. Appellant argues
that the evidence raised an issue as to whether his statements to the police were unlawfully
obtained because he was not advised of his rights pursuant to Miranda. We have held, however,
that Miranda does not apply to appellant's statements because he was not being interrogated.

Appellant also argues that testimony by a defense investigator raised an issue as to
whether his detention by the officers was lawful. The investigator testified that he went to the
apartment complex with an associate to determine if the police officers could have seen appellant
drop the baggie as they described. The investigator testified that he was unable to see his
associate drop pebbles from his hand while standing seventy to eighty feet away.

Appellant did not ask the district court for an article 38.23 instruction regarding
the propriety of his detention. Appellate arguments must comport with the objection at trial. See
Butler, 872 S.W.2d at 236; Tex. R. App. P. 33.1(a)(1). Moreover, the police officers testified
without contradiction that they were within ten feet of appellant when he threw away the baggie
of cocaine. Under the circumstances, the defense testimony did not raise a fact issue as to
whether the officers' detention of appellant was justified by their observation of suspicious
conduct. Point of error four is overruled.

Finally, appellant contends in three points of error that his constitutional and
statutory rights were violated because he was not allowed to examine the presentence investigation
report before sentencing. See U.S. Const. amend. XIV (due process of law); Tex. Const. art. I,
§ 19 (due course of law); Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d), art. 42.12, § 9 (West
Supp. 2000) (presentence investigation). Two witnesses testified at the sentencing phase:
appellant's religious advisor and appellant himself. Appellant admitted his previous arrests and
convictions, and attributed his legal problems to his narcotics addiction. He expressed regret for
the problems he had caused his family and indicated a desire to undertake a program of drug
rehabilitation. At the conclusion of the testimony, defense counsel asked the court for "a little
bit of time" for appellant to personally review the presentence report (counsel acknowledged
having examined the report). The court expressed its willingness to continue the hearing until the
afternoon, then asked the prosecutor for the State's recommendation as to punishment. After the
State asked for twelve years, defense counsel made his argument on appellant's behalf. The
prosecutor then closed for the State and punishment was assessed. There was no further mention
of the presentence report.

Appellant urges that this cause is analogous to Watson v. State, 919 S.W.2d 845
(Tex. App.--Austin 1996, no pet.). In that case, the trial court assessed punishment and imposed
sentence without permitting either party to present evidence or argument regarding the presentence
report or any other matter relevant to sentencing. See id. at 845-46. This Court reversed as to
punishment and remanded for resentencing. See id. at 846.

Appellant did not object to the court going forward with sentencing even though,
unlike the defendant in Watson, he had the opportunity to do so. Even if we disregard appellant's
failure to object, the sentencing proceeding in the instant cause does not reflect the reversible error
found in Watson. Appellant asserts that he was denied his constitutional right to present a
defense, but this claim is refuted by the record. Appellant was allowed to present testimony and
argument relevant to sentencing. Nor is any statutory violation shown. Before imposing
sentence, the court must permit "the defendant or his attorney" to read and comment on the
presentence report. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(d), (e) (emphasis added). 
Defense counsel told the court that he had reviewed the presentence report, and he referred to the
report during his examination of appellant and during his argument to the court. Finally, there
is no showing that the presentence report contained any prejudicial matter that was not otherwise
admitted by appellant during his testimony. Defense counsel stated in his punishment argument
that the report "confirms [appellant's] testimony that his problem has always been a cocaine
addiction." The district court explained its punishment decision by referring to appellant's
admitted criminal record. Points of error six, seven, and eight are overruled.

The judgment of conviction is affirmed.



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: July 27, 2000

Do Not Publish



>. We have held, however,
that Miranda does not apply to appellant's statements because he was not being interrogated.

Appellant also argues that testimony by a defense investigator raised an issue as to
whether his detention by the officers was lawful. The investigator testified that he went to the
apartment complex with an associate to determine if the police officers could have seen appellant
drop the baggie as they described. The investigator testified that he was unable to see his
associate drop pebbles from his hand while standing seventy to eighty feet away.

Appellant did not ask the district court for an article 38.23 instruction regarding
the propriety of his detention. Appellate arguments must comport with the objection at trial. See
Butler, 872 S.W.2d at 236; Tex. R. App. P. 33.1(a)(1). Moreover, the police officers testified
without contradiction that they were within ten feet of appellant when he threw away the baggie
of cocaine. Under the circumstances, the defense testimony did not raise a fact issue as to
whether the officers' detention of appellant was justified by their observation of suspicious
conduct. Point of error four is overruled.

Finally, appellant contends in three points of error that his constitutional and
statutory rights were violated because he was not allowed to examine the presentence investigation
report before sentencing. See U.S. Const. amend. XIV (due process of law); Tex. Const. art. I,
§ 19 (due course of law); Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d), art. 42.12, § 9 (West
Supp. 2000) (presentence investigation). Two witnesses testified at the sentencing phase:
appellant's religious advisor and appellant himself. Appellant admitted his previous arrests and
convictions, and attributed his legal problems to his narcotics addiction. He expressed regret for
the problems he had caused his family and indicated a desire to undertake a program of drug
rehabilitation. At the conclusion of the testimony, defense counsel asked the court for "a little
bit of time" for appellant to personally review the presentence report (counsel acknowledged
having examined the report). The court expressed its willingness to continue the hearing until the
afternoon, then asked the prosecutor for the State's recommendation as to punishment. After the
State asked for twelve years, defense counsel made his argument on appellant's behalf. The
prosecutor then closed for the State and punishment was assessed. There was no further mention
of the presentence report.

Appellant urges that this cause is analogous to Watson v. State, 919 S.W.2d 845
(Tex. App.--Austin 1996, no pet.). In that case, the trial court assessed punishment and imposed
sentence without permitting either party to present evidence or argument regarding the presentence
report or any other matter relevant to sentencing. See id. at 845-46. This Court reversed as to
punishment and remanded for resentencing. See id. at 846.

Appellant did not object to the court going forward with sentencing even though,
unlike the defendant in Watson, he had the opportunity to do so. Even if we disregard appellant's
failure to object, the sentencing proceeding in the instant cause does not reflect the reversible error
found in