NO. 12-02-00307-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


ANGELA OARLYNN TAYLOR,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS, 

APPELLEE
§
 HENDERSON COUNTY, TEXAS






MEMORANDUM OPINION
 

 Angela Oarlynn Taylor ("Appellant") appeals the trial court's judgment following the
revocation of her deferred adjudication probation. (1) Appellant raises two issues on appeal. We
affirm.


Background


 Appellant was charged with forgery of a negotiable instrument and pleaded guilty. The trial
court deferred a finding of guilty and placed Appellant on probation for three years. As conditions
of her probation, Appellant was ordered to pay monthly community supervision fees of $25.00, and
monthly restitution payments of $70.00. She was also ordered to complete two hundred fifty hours
of community service.

 On September 4, 2002, the State filed a motion to proceed to final adjudication alleging that
Appellant had failed to make all of the aforementioned payments and perform community service
in accordance with the terms of her probation. A hearing on the State's motion was conducted on
October 14, 2002. Sherrie Hall, a probation officer with the Henderson County Adult Probation
Department, testified to the specific violations of the terms and conditions of Appellant's community
supervision. Additionally, Harley Fitzgerald, Maintenance Supervisor at the Cain Center in Athens,
testified that Appellant had forged his initials on documents indicating that she had completed the
required monthly community service work when, in fact, she had not done so. 

 Appellant testified that she had not made the required payments, but that she had performed
the community service. Appellant further denied forging Fitzgerald's initials on the community
service forms presented to the Henderson County Adult Probation office. Appellant also testified
that she was twenty-six years old and the mother of two children, ages five and two. Moreover,
Appellant testified that she did not have anyone to take care of her children if she was sentenced to
imprisonment and that it would be a catastrophe for her family and her career if the State's motion
was granted. Appellant asked the court for leniency, claiming that she had not paid the money due
to employment difficulties. 

 In its closing argument, the State urged the court to find the three counts in its motion true
and to sentence Appellant to imprisonment for twenty months. Appellant responded that she was
young and that young people make mistakes. Appellant also reminded the court that she had two
small children and that even considering her college degree, she would not be able to get a job if she
was found guilty. Appellant urged the court to "find something appropriate that can be done under
the circumstances other than sending her to the penitentiary." Ultimately, the trial court found that
Appellant had violated the terms of her probation as alleged, adjudicated Appellant guilty as charged,
and sentenced Appellant to imprisonment for six months. 


Evidence on Punishment


 In her first issue, Appellant argues that the trial court committed reversible error when it
assessed punishment without permitting either argument or evidence to be presented. See Watson
v. State, 919 S.W.2d 845, 846 (Tex. App.-Austin 1996, no writ). The State responds that Appellant
was allowed to present direct evidence and argument concerning punishment during the hearing on
the State's motion. As set forth above, the record reflects that Appellant testified to the potential
ramifications on both her career and family that would result from a prison sentence, and that she
asked for leniency. Appellant addressed these same matters during her closing argument. 

 Pearson v. State, 994 S.W.2d 176 (Tex. Crim. App. 1999) was decided on facts similar to
those of the instant case. In Pearson, the appellant testified regarding punishment in a probation
revocation hearing before the trial court adjudicated him guilty and assessed punishment. See id. at
179. On appeal, the appellant contended that he should have been allowed to present evidence
related to punishment after the trial court adjudicated his guilt. See id. at 177. However, the court
of criminal appeals disagreed, stating that the "[a]ppellant had the opportunity to present evidence
during the proceedings" and "[t]hat is all that is required." Id. at 179. As such, we hold that
Appellant had the opportunity to present evidence on punishment during the hearing on the State's
motion to revoke her deferred adjudication. Appellant's first issue is overruled.


Pre-Sentence Investigation Report

 In her second issue, Appellant contends that the trial court committed reversible error by
failing to order a presentence investigation ("PSI") report after adjudicating her guilty and prior to
sentencing her to six months in the penitentiary. See Tex. Code Crim. Proc. Ann. art 42.12 § 9(a)
(Vernon Supp. 2003). The State argues that Appellant waived any supposed error by failing to bring
the matter to the trial court's attention. We agree.

 Texas Rule of Appellate Procedure 33.1 provides that as a prerequisite to presenting a 
complaint for appellate review, the record must show that the complaint was made to the trial court
by a timely request, objection, or motion that stated the grounds for the ruling that the complaining
party sought from the trial court with sufficient specificity to make the trial court aware of the
complaint. See Tex. R. App. P. 33.1(a)(1)(A). An error in failing to order a PSI report is waived if
the defendant fails to object to the failure or bring the failure to the trial court's attention. Eddie v.
State, 100 S.W.3d 437, 445 (Tex. App.- Texarkana 2003, pet. ref'd); see also Wright v. State, 873
S.W.2d 77, 83 (Tex. App.- Dallas 1994, pet. ref'd) (the right to a presentence report under article
42.12, section 9 may be forfeited by inaction). The record reflects that Appellant failed to object to
the lack of a PSI before sentence was pronounced. We hold that by her failure to make a timely
objection, Appellant waived the error, if any. Appellant's second issue is overruled.



Conclusion


 Having overruled Appellant's issues one and two, we affirm the trial court's judgment.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered August 27, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
















(DO NOT PUBLISH)





1. Although a trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and
is not reviewable, after an adjudication of guilt, all proceedings, including assessment of punishment ... and
defendant's appeal continue as if the adjudication of guilt had not been deferred. See Tex. Code. Crim. Proc. Ann. 
art. 42.12 § 5(b) (Vernon Supp. 2003). Thus, we may review issues concerning matters related to Appellant's
sentence.