IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00030-CR

No. 10-07-00031-CR

 

Christopher James Henderson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court Nos. 32,446 and
32,447

 



MEMORANDUM  Opinion



 








            Christopher James Henderson pleaded
nolo contendere to two counts of aggravated sexual assault of a child.  He
received ten years deferred adjudication community supervision.  The State
later filed an Application to Proceed to Final Adjudication, alleging that Henderson had violated several conditions of community supervision.  Henderson was
adjudicated, and the court sentenced him to fifteen years in prison.  On
appeal, Henderson contends that: (1) the court erroneously reviewed the presentence
investigation report; (2) the trial court failed to conduct a separate punishment
hearing; (3) he was not properly notified of the charges against him; and (4)
he received ineffective assistance of counsel.  We affirm.

PreSentence Investigation
Report

            Henderson’s first issue challenges
whether the trial court erred by considering the presentence investigation
report (“PSI”) and failing to allow Henderson an opportunity to comment on the
PSI.[1]

Unless waived by the defendant, the court shall
permit the defendant or his attorney to read a PSI at least 48 hours before
sentencing.  See Tex.
Code Crim. Proc. Ann. art. 42.12 § 9(d) (Vernon Supp. 2007).  The defendant or his
attorney must be given the opportunity to “comment on a presentence
investigation or a postsentence report and, with the approval of the judge,
introduce testimony or other information alleging a factual inaccuracy in the
investigation or report.”  Tex.
Code Crim. Proc. Ann. art. 42.12 § 9(e) (Vernon Supp. 2007).

Henderson did not
request an opportunity to review the PSI.  Nor did he object to the trial court’s
consideration of the PSI or to a lack of opportunity to comment on the report.  See Tex. R.
App. P. 33.1(a) (to preserve a complaint for appellate review, a party
must make a timely, specific objection and obtain a ruling from the trial
court); see also Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim.
App. 1986) (“almost every right, constitutional and statutory, may
be waived by the failure to object”).  Nevertheless, in reliance on Watson v. State, 919 S.W.2d 845 (Tex. App.—Austin 1996, no pet.), Henderson argues
that “it should not be the burden of the defendant to make demands on the court
when the court is about to pass sentence on the defendant.”

In Watson, the trial court stated:

I don’t need to hear any arguments from either
side in this case. The Court has read the presentence investigation. It has
made its decision of the findings to be made and the punishment to be assessed.

 

Id. at 845-46.  Watson neither objected nor filed a
motion for new trial.  See id. at 846.  The Austin Court found that the
trial court essentially “prohibited either party to present evidence or
argument concerning the presentence investigation or any other matter relevant
to sentencing.”  Id.

No such foreclosure occurred in this case.  The
trial court asked to see the PSI and subsequently inquired whether “there’s any
reason at law why sentence should not be pronounced at this time.”  Counsel
replied, “No, Your Honor.”  Unlike the defendant in Watson, Henderson had an opportunity to object before the trial court took any action to sentence Henderson.[2] 
His motion for new trial was not timely filed and generally complains of
“improperly admitted” evidence, with no mention of the PSI.[3] 
Because he has failed to preserve his complaint for our review, we overrule Henderson’s first issue.

 

 

Separate Punishment
Hearing

            Henderson complains, in his second
issue, of the trial court’s failure to hold a separate punishment hearing and
failure to allow Henderson to present evidence.

A defendant is entitled to a punishment hearing
after an adjudication of guilt, and the trial court must allow the accused the
opportunity to present evidence.  See Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim.
App. 1992).  In Issa, the trial court immediately left the
bench before Issa could object to the imposition of sentence, but Issa preserved
the issue for appellate review by filing a timely motion for new trial in which
the objection was made.  Id. at 160-61.  Here, Henderson had the
opportunity to object, but did not do so.  See Vidaurri v. State, 49 S.W.3d 880, 885-86 (Tex.
Crim. App. 2001); see also Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim.
App. 1999).  When asked “if there’s any reason at law why sentence
should not be pronounced at this time,” counsel responded, “No, Your Honor.”  Henderson’s untimely motion for new trial does not complain of the trial court’s failure
to hold a separate punishment hearing or provide an opportunity to present
mitigating punishment evidence.  See Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim.
App. 1999).  Henderson has failed to preserve his complaint for
appellate review.  See Tex. R.
App. P. 33.1(a).  We overrule Henderson’s second issue. 

Notification of Charges

            In his third issue, Henderson argues that
he was not properly notified of the reasons for adjudication.  Specifically, he
complains that the trial court’s admonishment refers to the “Original or
Amended MOTION TO PROCEED TO FINAL ADJUDICATION filed on 11-22-06.”  The record
does not contain a motion filed on November 22, but rather a motion filed on November
29.[4] 
This appears to be a mere clerical error.  The record does not indicate that
this error prevented Henderson from being notified of the grounds for adjudication. 
He signed the trial court’s admonishment, entered pleas of “true” and “not true”
to the various allegations, acknowledged that his pleas of “true” were made
“because they are true and for no other reason,” and waived the right to have
the charges read aloud.  Moreover, at no time did Henderson object to any lack
of notice.  His complaint is not preserved for appellate review.  See Tex. R. App. P. 33.1(a).  We overrule his third issue.

Ineffective Assistance

In his fourth issue, Henderson contends that trial
counsel rendered ineffective assistance by: (1) failing to object to the court’s
review of the PSI and the court’s failure to allow Henderson to comment on the
PSI; (2) failing to object to the court’s failure to hold a separate punishment
hearing or to allow Henderson to present evidence; (3) entering open pleas of
“true” absent a plea agreement; (4) failing to object to hearsay and conclusory
evidence; and (5) failing to object to inconsistencies in a previous order.   

To prove ineffective assistance, an appellant must show that:
(1) counsel’s performance was deficient; and (2) the defense was prejudiced by
counsel’s deficient performance.  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).  The
appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission.  Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  There is “a strong presumption that counsel’s conduct
fell within a wide range of reasonable representation.”  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  “[A]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.”  Thompson
v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).

              Although Henderson made a general
allegation of ineffective assistance in his untimely motion for new trial, he
failed to explain how trial counsel was ineffective.[5] 
He attached no evidence to his motion, and the trial court denied the motion
without a hearing.  Thus, the record is silent as to any reasons explaining
trial counsel’s actions.  We will not speculate as to those reasons.  See Thompson, 9 S.W.3d at 814.  Absent
a record revealing trial counsel’s strategy or motivation, Henderson has not
defeated the strong presumption that trial counsel’s actions fell within the
wide range of reasonable professional assistance.  See id.  His ineffective assistance claim is better raised
through an application for a writ of habeas corpus.  See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Bone, 77 S.W.3d at 837 n.30.




              The trial court’s judgment is
affirmed.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed March 5, 2008

Do not publish

[CR25]

 

 









[1]               To support this claim, Henderson included an affidavit in the appendix to his brief.  The State filed a motion to
strike the affidavit because it is not part of the appellate record.  Because we agree, the State’s motion is
granted.  See Hill v. State, 90 S.W.3d 308, 314 (Tex. Crim. App. 2002); see
also Ex parte Lekavich, 145 S.W.3d 699, 702 n.2 (Tex. App.—Fort Worth
2004, no pet.).





[2]               The PSI appears to have influenced
the trial court’s decision to impose a lighter sentence.  After reviewing the
PSI, the trial court stated, “At first I thought even more than 20 years might
be appropriate, but after refreshing my memory, there were some extenuating
circumstances.”  Henderson argues that it is “ludicrous to conclude that the
allegations and comments in the PSI, mostly negative, diminished the
sentence.”  Yet, the trial court’s statement seems to suggest otherwise.    

 





[3]
              Henderson was sentenced on January 16 and his motion was
filed on February 22.  See Tex. R. App. P. 21.4(a) (a motion for new trial must be filed “no later
than 30 days after, the date when the trial court imposes or suspends sentence
in open court”).  





[4]               Because this case involves two
cause numbers, the record contains two separate motions.





[5]
              The motion alleges:

 

Attorney for defendant believes
that evidence may have been improperly admitted or that the defendant did not
receive effective assistance of counsel.  Attorney for defendant believes that
the defendant may not have understood the ramifications of his actions and thus
certain pleas or actions at the hearings on application to proceed to final
adjudication, adjudication, and sentencing were involuntary.