**Louis Terrance BORDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 070–92.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1992.

Rehearing Denied Feb. 10, 1993.

La Donna K. Ockinga, T. Skipper Richardson, Dallas, for appellant.

John Vance, Dist. Atty., and Robert P. Abbott, Patrick Kirlin and Hank Voegtle, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant pled not guilty to possession of cocaine with intent to deliver and was tried before the court. The trial judge found Appellant guilty and assessed punishment at twenty years in the penitentiary and a $500 fine. The conviction was affirmed. *Borders v. State*, 822 S.W.2d 661 (Tex. App.—Dallas 1991). We granted discretionary review to determine whether Appellant preserved error by his motion for new trial concerning his right to present evidence on the issue of punishment prior to the trial court's assessment of punishment. We will reverse.

After the trial judge heard the evidence and the parties' arguments concerning the guilt or innocence of Appellant, he stated:

The evidence of the officer, the first officer, that was with the squad, I think has to be accepted and I find a real problem with the defendant's testimony of going up to a door where neither

party was known and being allowed to come in to buy dope. Now, that really gives me pause to consider. So I'm going to find the defendant guilty.

Now, I'm going to assess punishment at twenty years in the Institutional Division.

If you'll stand, please.

Is there any reason why sentence shouldn't be pronounced?

Defense counsel responded: "No, Your Honor." The trial judge then sentenced Appellant. The trial judge informed Appellant about his right to appeal and there was discussion of the fine imposed. Just before the proceedings ended, defense counsel stated for the record that she had presented Appellant's application for probation to the judge.

Subsequently, Appellant filed a motion for new trial alleging, *inter alia*, that the trial court erred in denying him a separate punishment hearing. Appellant contended the trial court had combined the guilt or innocence phase with the punishment hearing without giving him notice. Appellant presented several witnesses whom he claimed were ready and would have testified had there been a punishment hearing.

The Court of Appeals held that Appellant waived the right to present additional testimony at a separate punishment hearing. After the court found Appellant guilty, the judge inquired whether there was any reason he should not pronounce sentence. The Court of Appeals found that this was counsel's opportunity to advise the trial court that Appellant wished to put on punishment evidence. This is incorrect. The trial court was merely inquiring, as required by Article 42.07, V.A.C.C.P., whether Appellant had anything to say why sentence should not be pronounced.[1] Thus, while Appellant had an opportunity to object to the trial court pronouncing sentence, he was not provided any opportunity to present punishment evidence before the court imposed the sentence.

■ In *Issa v. State*, 826 S.W.2d 159 (Tex.Cr.App.1992), the defendant had been placed on deferred adjudication and the State moved the trial court to revoke the probation and adjudicate guilt. After a contested hearing the trial court overruled the defendant's motion to deny revocation, then denied the defendant the opportunity to present evidence as to the proper punishment. Before leaving the bench the judge stated:

> The Court hereby revokes your probation and enters a finding, adjudication of this case finds you guilty of Theft of over $750, and less than twenty thousand dollars, as alleged in the original indictment, *and hereby sentences you to serve a term in the Texas Department of Corrections for ten years* (emphasis added).

The manner in which the judge in the instant case imposed sentence was strikingly similar to the manner in which the judge did so in *Issa*, in which we held that raising the error for the first time in a motion for new trial was sufficient. Additionally, we held that Article 42.12, § 5(b), V.A.C.C.P., entitled the defendant to a punishment hearing after the adjudication of guilt. *Issa*, supra, at 161.

■ Article 37.07, V.A.C.C.P. describes the procedures to be used at trial. The title of Art. 37.07[2] and the text of Art. 37.07, § 3, V.A.C.C.P., are instructive: "Sec. 3. Evidence of prior criminal record in all criminal cases *after* a finding of guilt" (emphasis added). The relevant portion of the subsection further reads, "Regardless of the plea and whether the punishment be assessed by the judge or jury, evidence may, as permitted by the Rules of Evidence, be offered by the State and the defendant as to any matter the court deems relevant to sentencing, . . . .". We hold that Article 37.07 requires the trial court to afford a defendant the opportunity to present evidence regarding punishment

---

1. Art. 42.07, V.A.C.C.P. requires the trial court to inquire in that manner, and sets out the only three reasons why sentence should not be pronounced. Absent from those reasons is that the defendant has been denied the opportunity to present evidence at the punishment phase of trial.

2. **Article 37.07. Verdict Must be General; Separate Hearing on Proper Punishment.**

*after* it has found the particular defendant guilty.

As Appellant was entitled to present punishment evidence *after* the finding of guilt, he stood in the same position as the defendant in *Issa.* Consequently, defense counsel did not waive the right to present punishment evidence by not objecting at trial. Raising the objection in a timely filed motion for new trial preserved the error for appellate review. *Issa,* supra, at 161.

Accordingly, the judgment of the Court of Appeals is reversed. Because appellant was improperly sentenced without being given an opportunity to present evidence prior to sentencing, we remand to the trial court for resentencing in accordance with the above-stated principles.

MILLER, J., concurs in the result.

CAMPBELL, J., joined by McCORMICK, P.J., and WHITE and OVERSTREET, JJ., dissent for the reasons stated in the dissent in *Issa v. State,* 826 S.W.2d 159 (Tex.Cr. App.1992).