Antonio Dewayne JOHNSON, Appellant,

v.

The STATE of Texas, State.

No. 2–96–039–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 27, 1997.

---

Gwinda L. Burns, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Attorney, Betty Marshall, Chuck Mallin, Asst. Chiefs Appellate Division, John A. Stride, Asst. Crim. Dist. Attorney, Fort Worth, for State.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellant Antonio Dewayne Johnson was sentenced to six years' confinement after the court determined that he had violated a term of his deferred adjudication probation. Appellant brings one point of error asserting that the trial court erred in sentencing him without first conducting a separate punishment hearing. We affirm.

On June 27, 1994, Appellant pleaded guilty to the offense of unauthorized use of a motor vehicle and the trial court sentenced him to six years' deferred adjudication probation. On November 8, 1995, the State filed a motion to proceed to adjudication alleging that Appellant had violated terms of his probation by testing positive for marijuana and for failing to pay court ordered fees. On December 15, 1995, a hearing was held before the district court at which time the court adjudicated Appellant guilty, revoked his probation, and sentenced him to six years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In his sole point of error, Appellant claims that the trial court erred by assessing punishment without first holding a separate punishment hearing. Appellant asserts that because no separate punishment hearing was conducted, he was denied an opportunity to offer evidence in mitigation of punishment. *See Borders v. State*, 846 S.W.2d 834, 835–36 (Tex.Crim.App.1992); *see also Duhart v. State*, 652 S.W.2d 824, 826 (Tex.App.—Fort Worth 1983), *aff'd*, 668 S.W.2d 384 (Tex. Crim.App.1984).

Article 42.12, section 5(b) of the Code of Criminal Procedure entitles a defendant to a punishment hearing after the adjudication of guilt. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1997); *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992). Furthermore, article 37.07 requires the trial court to "afford a defendant the opportunity to present evidence regarding punishment *after* it has found the particular defendant guilty." *Borders*, 846 S.W.2d at 835–36; *see also* TEX.CODE CRIM. PROC. ANN. art. 37.07 (Vernon 1981 & Supp.1997). Therefore, Appellant is correct that proper procedure requires the trial court to conduct a punishment hearing before sentencing the defendant.

In this case, Appellant has failed to preserve any error for appeal. At Appellant's adjudication hearing, the trial court heard testimony from State witnesses and from Appellant. After hearing the evidence, the court found that Appellant had violated the terms of his probation and informed Appellant that he would be assessing punishment at six years. Before actually sentencing Appellant, the court asked, "Is there any legal reason, [defense counsel], why I should not sentence him at this time?" Defense counsel responded, "None that I know of, Your Honor."

In addition to affirmatively declining the opportunity to object before sentencing, Appellant failed to file a motion for new trial.

When a defendant fails to timely object to sentencing without a punishment hearing, and fails to raise the complaint in a motion for new trial, no error is preserved for appeal. *Bilbrey v. State,* 851 S.W.2d 334, 336 (Tex.App.—Dallas 1993, no pet.); *Norman v. State,* 844 S.W.2d 903, 904 (Tex.App.—Texarkana 1992, no pet.); *Reagan v. State,* 832 S.W.2d 125, 128 (Tex.App.—Houston [1st Dist.] 1992, no pet.). Therefore, by raising his complaint for the first time on appeal, Appellant has failed to preserve error.

We affirm the trial court's judgment.