No. 04-98-00399-CR, 04-98-00400-CR, 04-98-00401-CR



Gabriel Joe CHACON,


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District Court, Kerr County, Texas


Trial Court Nos. A97-216, A97-218, A97-307 


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: April 7, 1999


AFFIRMED


 Appellant, Gabriel Joe Chacon, was twice charged and indicted for aggravated sexual assault,
and sexual assault. Pursuant to a plea bargain agreement, Chacon pled guilty to all three charges. The
district court found the evidence substantiated Chacon's guilt. In accordance with the agreement,
the district court deferred further proceedings without adjudication and placed Chacon on deferred
adjudication. Subsequently, the court revoked supervision on the State's motion, adjudicated Chacon
guilty, and assessed punishment of 16 years. On appeal, Chacon raises two issues.

Voluntariness of Plea

 In his first issue, Chacon contends that his plea of guilty was not voluntary because the trial
court failed to inform him that he would not have the right to appeal a subsequent finding that he had
violated a condition of his community supervision. In response, the State contends that Chacon,
while not orally admonished in court, was given written admonishments which were signed by the
defendant. Thus, according to the State's argument, Chacon was properly informed of his inability
to appeal a trial court's determination to adjudicate.

 In a criminal matter, our jurisdiction over appeals resulting from plea bargained convictions
is limited. Tex. R. App. P. 25.2(b)(3).(1)
 If the notice of appeal does not comply with rule 25.2(b)(3)
and is only a general notice of appeal, we can only address jurisdictional defects or the voluntariness
of the defendant's guilty plea. See Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996).
Because Chacon specifically asserts that the failure of the trial court to admonish him pursuant to
42.12 §5(b) resulted in the involuntariness of his plea, we review his first issue. See Wyatt v. State,
951 S.W.2d 144, 146-47 (Tex. App.--Houston [14th Dist.] 1997, pet. ref'd); Brown v. State, 943
S.W.2d 35, 42 (Tex. Crim. App. 1997).

 Article 42.12, §5(a) requires the following:

 After placing the defendant on community supervision under this section, the judge
shall inform the defendant orally or in writing of the possible consequences under
Subsection (b) of this section of a violation of community supervision. If the
information is provided orally, the judge must record and maintain the judge's
statement to the defendant. The failure of a judge to inform a defendant of possible
consequences under Subsection (b) of this section is not reversible unless the
defendant shows that he was harmed by the failure of the judge to provide the
information.

 Tex. Code Crim. Proc. Ann. art. 42.12, §5(a) (Vernon Supp. 1999). Subsection (b) provides that
a defendant is entitled to a hearing limited to the determination by the court as to whether it plans
to proceed to an adjudication of the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, §5(b)
(Vernon Supp. 1999). Moreover, it provides that an appeal may not be taken from this determination.
Id. We agree with the appellant that the trial court erred in failing to inform him after the imposition
of deferred adjudicated as to the possible consequences outlined under subsection (b). However, that
error alone does not require reversal. We cannot reverse unless the defendant can show he was
harmed. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 1999); Wyatt, 951 S.W.2d
at 147.

 Harm is shown where a defendant is able to prove that (1) he was not personally aware of
the information contained in the statutory admonishments, and (2) that had he been given the
admonishments he would not have entered his guilty or nolo contendere plea. Id; Brown, 943 S.W.2d
at 42-43. According to the record in the present case, the written admonishments included a plea
packet informing him of his rights pursuant to article 26.13 and article 42.12, §5(a) and (b).
Appellant signed the plea agreement. Moreover, when questioned at the hearing on his guilty plea,
he stated that he had understood the admonishments, his rights, and waiver of those rights. Based
on the record, appellant fails to show that he did not know the information under §5 of article 42.12.
In addition, there is nothing in the record to suggest that Chacon would not have entered his plea had
he been given such information again, either orally or in writing. As such, he failed to meet the
requirements of an involuntariness claim under article 42.12, §5(a) and (b). We overrule appellant's
first issue.

Opportunity to Be Heard

 In his second issue, Chacon contends that the trial court erred in immediately sentencing him
after his adjudication, and denying him the opportunity to be heard on punishment. The State
responds by asserting that Chacon failed to preserve this issue for appeal on the basis that he did not
object to the proceeding and failed to move for a new trial.

 At the conclusion of appellant's argument on guilt, the following pronouncement was made:

 The Court: Mr. Chacon, do you have anything to say before sentence is pronounced
in these cases?

 The Defendant: No, sir.

 The Court: Mr. Chacon, based on the testimony that I have heard, I find that you
have violated your probation in all four of these cases, Cause 97-216, 97-218, 97-307, 97-308, and because you violated probation, I am going to find you guilty of the
underlying offense of aggravated sexual assault in cause 97-216, 97-218, 97-307.

 In Cause 97-308, I find there's sufficient evidence for me to find that you
have-should have your sentence adjudicated but I'm going to continue on you [sic]
deferred adjudication probation in 97-308. There is a very specific reason for that.

 Cause 97-216, 97-218, 97-307, I have the authority to sentence you to
anywhere between five years in the penitentiary and life. You are to be sentenced to
serve 16 years confinement in the Texas Department of Corrections, and in Cause 97-216, Cause 97-218, and Cause 97-307, you will receive credit for time heretofore
served, both before you were arrested in this case and since you have been arrested
on the Motion to Revoke your probation.



The record clearly reflects that the trial court failed to conduct a second phase to determine
punishment.

 Article 42.12, §5(b) has been construed to require that a defendant is entitled to a punishment
hearing after he or she has been adjudicated guilty. Borders v. State, 846 S.W.2d 834, 835-36 (Tex.
Crim. App. 1992); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). In both Issa and
Borders, the Texas Court of Criminal Appeals recognized that under certain circumstances, a
defendant can be denied the opportunity to object, Issa, 826 S.W.2d at 161, or simply the
opportunity to present evidence, Borders, 846 S.W.2d at 835; Pearson v. State, 974 S.W.2d. 63, 65
(Tex. App.--San Antonio 1998, pet. granted). As such, the failure to object, when taken alone, does
not negate review. Id. We would apply the same in the present case, and find that Chacon was not
presented with the opportunity to object given the trial court's immediate imposition of punishment
after adjudication.

 However, a second problem is presented in that appellant also failed to file a timely motion
for new trial in which he could have contested the lack of a punishment hearing. In failing to do this,
appellant failed to preserve error under rule 33.1 for our review. Tex. R. App. P. 33.1.(2) It is
incumbent upon a defendant to call the trial court's attention to its error at the earliest time possible.
See Nirschl v. State, 923 S.W.2d 218, 219 (Tex. App.--Amarillo 1996, pet. ref'd); Gober v. State;
917 S.W.2d 501, 502 (Tex. App.--Austin 1996, no pet.). Where a defendant cannot call the trial
court's attention to its error via a contemporaneous objection, he or she can do so via a motion for
new trial.(3) Id; see Pearson, 974 S.W.2d at 67 (finding defendant, like those in Issa and Borders, filed
a motion for new trial in which he asserted his right to a separate punishment hearing). In the present
case, Chacon did not request a separate hearing on punishment, nor was his objection raised in a
motion for new trial. Therefore, error was not preserved. See Faerman v. State, 966 S.W.2d 843, 846
(Tex. App.--Houston [14th Dist.] 1998, no pet.); Gober, 917 S.W.2d at 502. Accordingly, we
overrule appellant's second issue.

Conclusion

 For the reasons stated above, we overrule appellant's issues and affirm the judgments of the
trial court.

 Alma L. López, Justice

DO NOT PUBLISH




1. Rule 25.2(b) provides, in part, the following with respect to a general appeal:


 But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere
under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice must:



 (A) specify the appeal is for a jurisdictional defect;

 (B) specify that the substance of the appeal was raised by written motion and ruled on before trial;
or

 (C) state that the trial court granted permission to appeal.

2. For an issue to be reviewed by the appeals court, it must be shown in the record that:


 (1) the complaint was made to the trial court by a timely request, objection, or motion that:

 (A) stated the grounds for the ruling that the complaining party sought from the
trial court with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds are apparent from the context; and

 (B) complied with the requirements of the Texas Rules of Civil or Criminal
Evidence or the Texas Rules of Civil or Appellate Procedure; and

 (2) the trial court:

 (A) ruled upon the request, objection, or motion, either expressly or implicitly; or

 (B) refused to rule on the request, objection or motion and the complaining party
objected to the refusal.


Tex. R. App. P. 33.1(a).
3. Appellant argues that a motion for new trial is only necessary to preserve error on appeal when the adduced
facts are not in the record. See Tex. R. App. P. 21.2. We agree. In Issa, Borders, and Pearson, preservation of the issue
was made by the appellants's motion for new trial. Absent an opportunity to object, a motion for new trial is necessary
because it is the earliest available opportunity to inform the trial court what it has done wrong. See Nirschl, 923 S.W.2d
at 219. We would also add that a motion for new trial could have aided appellant in showing harm under his first issue.
In a hearing on a motion for new trial, appellant could have argued that but for the trial court's failure to inform him
of the inability to appeal its decision to adjudicate, appellant would not have pled guilty. Unfortunately, without a
hearing on a motion for new trial, we are left with nothing by which we
can determine harm.


Return to
4th Court of Appeals Opinions