R99693.hd3









NUMBER 13-99-693-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


JOHNNY LEE WALLEY, Appellant,

v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 248th District Court of Harris County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


Pursuant to a plea bargain agreement, appellant, Johnny Lee Walley, pleaded guilty to the offense of theft of more than
$20,000, but less than $100,000. The trial court found him guilty and assessed his punishment at six years imprisonment.
In a single issue, appellant complains that during the punishment phase he received ineffective assistance of counsel, and
that the trial court erred by refusing to allow him to present evidence. We affirm.

A. Background and Procedural History

Appellant was indicted for the theft of four motor vehicles with a combined value of more than $20,000, but less than
$100,000. As part of a plea bargain agreement, appellant agreed to cooperate in the investigation of a third party and to
plead guilty, without an agreed-upon recommendation, for a pre-sentence investigation ("PSI"). On September 15, 1998,
appellant pleaded guilty to the offense of theft, a third-degree felony punishable by a term of imprisonment of not more
than ten years or less than two years, and a fine of not more than $10,000. See Tex. Pen. Code Ann. § 12.34 (Vernon
1994). The trial court accepted the plea and ordered a PSI.

At a hearing on June 2, 1999, appellant's counsel told the trial court that he would not go forward with, or participate in,
appellant's sentencing because appellant had been arrested in another county and arrested that day on federal charges
stemming from the same facts made the basis of this case. Appellant then asked the court for permission to withdraw his
guilty plea. The court refused to allow appellant to withdraw his guilty plea. Appellant's counsel then reiterated his refusal
to participate in the proceedings. The court then stated it was not considering the pending charges in the sentencing.

Appellant's counsel then presented a motion for continuance, claiming the additional charges as grounds. Counsel told the
court that there were police officers present who would testify that the new charges stemmed from the same factual
circumstances surrounding the charges appellant faced in this case. The trial court denied the motion and refused to allow
the officers to testify. The court stated that any testimony concerning the pending charges was not relevant in this
punishment hearing because it was not going to consider the additional charges in sentencing. Appellant did not attempt to
present any other evidence.

The following colloquy occurred:

The Court: You have anything to say as [to] why sentence of the law should not be pronounced against you?

Appellant: Yeah, I mean, I was - - I wasn't - - I was going to - - I don't have a lawyer standing here.

The Court: Your lawyer is standing immediately behind you.

Appellant's Counsel: May I be excused, Your Honor?

The Court: No. Having nothing further to say, it's the order of the Court that you be remanded to the Harris County
Sheriff's Department where they shall take you to the proper facility where you shall remain not longer than six years in
accordance with the laws of the State of Texas.


Appellant filed a motion for a new trial, but it was overruled by operation of law on August 17, 1999.

B. Denial of Opportunity to Present Evidence in Mitigation of Punishment

 Appellant contends the trial court erroneously denied him the opportunity to present evidence at the punishment
hearing. To be entitled to a new sentencing hearing, appellant must show that the trial court denied him the opportunity to
present evidence in mitigation of punishment. Borders v. State, 846 S.W.2d 834, 834-35 (Tex. Crim. App. 1992) (per
curiam); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App.1992) (per curiam). 

Regardless of a defendant's plea or whether punishment is assessed by the judge or jury, evidence may, as permitted by the
Rules of Evidence, be offered by the State and the defendant as to any matter the court deems relevant to sentencing. Tex.
Code Crim. Proc. Ann. art. 37.07 § 3 (Vernon Supp. 2001). Thus, a trial court is required to afford a defendant an
opportunity to present evidence regarding punishment after the defendant has been found guilty. Borders v. State, 846
S.W.2d 834, 835-36 (Tex. Crim. App. 1992). Furthermore, article 37.07 provides that, if a PSI is ordered, the trial court
will consider the PSI and the evidence adduced at the punishment hearing before assessing punishment. Tex. Code Crim.
Proc. Ann. art. 37.07(d) (Vernon 1995). To preserve error, a defendant is generally required to make a timely objection in
the trial court. Tex. R. App. P. 33.1. 

Appellant was entitled to present evidence on punishment after pleading guilty. A trial court, however, is given wide
discretion in determining the admissibility of evidence. Williams v. State, 535 S.W.2d 637 (Tex. Crim. App. 1976). We
review a trial court's exclusion of evidence under an abuse of discretion standard of review. Johnson v. State, 698 S.W.2d
154, 160 (Tex. Crim. App. 1985). A trial court has not abused its discretion unless it has acted arbitrarily and
unreasonably, without reference to any guiding rules or principles. Herwood v. State, 961 S.W.2d 531, 536 (Tex. App.-San
Antonio 1997, no pet.).

Appellant asked to present evidence that the new charges stemmed from the same factual circumstances surrounding the
charges he faced in this case. The trial court determined that the proffered evidence was not relevant because it was not
going to consider the additional charges in sentencing. Appellant did not attempt to present any other evidence.

After reviewing the record, we agree with the trial court that the evidence appellant asked to present was irrelevant to his
sentencing. Accordingly, we hold the trial court did not abuse its discretion in refusing to allow the officers to testify.

C. Total Denial of Counsel

Appellant complains that he was completely denied his Sixth Amendment right to representation.

"Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." Strickland,
466 U. S. at 692. A trial is unfair if the accused is denied counsel at a critical stage. The United States Supreme Court "has
uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented
from assisting the accused during a critical stage of the proceeding." United States v. Cronic, 466 U.S. 648, 659 & n.25
(1984). This is because prejudice in these circumstances is so likely that case by case inquiry into prejudice is not worth
the cost. Strickland, 466 U.S. at 692; see also Batiste v. State, 888 S.W.2d 9, 14 (Tex. Crim. App. 1994) (trial counsel's
failure to make a Batson objection did not amount to denial of representation);Prudhomme v. State, 28 S.W.3d 114, 120
(Tex. App.-Texarkana 2000) (appellant was totally denied representation at a critical stage: time to file motion for new
trial). However, "[a]bsent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment
guarantee is generally not implicated." Cronic, 466 U.S. at 657; see also Woodward v. State, 996 S.W.2d 925, 927 (Tex.
App.-Houston [1st Dist.] 1999, pet. ref'd), cert. denied, 529 U.S. 1093 (2000). Therefore, we must determine whether the
particular circumstance involved here was so likely to prejudice appellant that constitutional error occurred. Woodward,
996 S.W.2d at 928.

In this case, counsel was not "totally absent or prevented from assisting the accused." See Cronic, 466 U.S. at 659. In fact,
as the dissent notes, the trial court refused to allow trial counsel to withdraw; the trial judge indicated just before imposing
the sentence that appellant was represented by counsel. Appellant's trial counsel appeared at the sentencing hearing, moved
for a continuance, argued vigorously that appellant should be allowed to withdraw his guilty plea, and attempted to adduce
evidence concerning the other crimes for which appellant had been arrested. We do not believe, under the circumstances of
this case, that a trial counsel's voluntary "refus[al] to participate" in a fit of anger constitutes an "actual or constructive
denial of counsel altogether," as contemplated by Strickland andCronic. See Strickland, 466 U.S. at 692; Cronic, 466 U.S.
at 648. Thus, the two-pronged Stricklandtest must be used to determine if appellant's trial representation was ineffective.

D. Ineffective Assistance of Counsel

Appellant also contends that he received ineffective assistance of counsel during his punishment hearing.

Claims of ineffective assistance of counsel are analyzed under the rule set forth in Strickland v. Washington, 466 U.S. 668
(1984), and adopted by the Texas courts in Hernandez v. State, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986). The
Stricklandstandard applies to ineffective assistance of counsel at both the guilt-innocence and punishment phases of the
proceedings. Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). The Strickland test is the benchmark for
judging whether counsel's conduct has so undermined the proper functioning of the adversarial process that the trial cannot
be relied on as having produced a reliable result. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)
(citingMcFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992)). The appellant must first show that trial
counsel's performance was not reasonably effective, falling below an objective standard of reasonableness under the
prevailing professional norms. Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812-13. A showing of deficiency
requires a demonstration that trial counsel made errors so serious that he was not functioning as the counsel guaranteed a
defendant under the Sixth Amendment. Strickland, 466 U.S. at 687. We must presume that counsel is better positioned
than the appellate court to judge the pragmatism of the particular case, and that counsel made all significant decisions in the
exercise of reasonable professional judgment. Young v. State, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999); Delrio v.
State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). There is also a strong presumption that trial counsel's conduct was
reasonable and constitutes sound trial strategy. Strickland, 466 U.S. at 689; McFarland, 845 S.W.2d at 843. The
"reasonably effective assistance" standard does not mean errorless counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex.
Crim. App. 1991); Hernandez v. State, 799 S.W.2d 507, 508 (Tex. App.-Corpus Christi 1991, pet. ref'd).

If the appellant can demonstrate deficient assistance under the first prong of the Strickland test, he must then show that
there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been
different. Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812;Washington v. State, 771 S.W.2d 537, 545 (Tex. Crim.
App. 1989). "A reasonable probability" means "a probability sufficient to undermine confidence in the outcome."
Strickland, 466 U.S. at 694;Thompson, 9 S.W.3d at 812; Ex parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989).
The prejudice element requires a showing that trial counsel's errors were so serious as to deprive the defendant of a fair
trial: one whose result is reliable. Strickland, 466 U.S. at 687. The totality of the representation is evaluated from counsel's
perspective at trial, not his isolated acts or omissions in hindsight. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990); Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986).

The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each
case. Ex parte Scott, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979); Stone v. State, 17 S.W.3d 348, 350 (Tex. App.-Corpus
Christi 2000, pet. ref'd). The appellant must prove his claim of ineffective assistance of counsel by a preponderance of the
evidence. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). Furthermore, he must show ineffective
assistance firmly rooted in the record. Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). We may not
speculate as to the reasons behind trial counsel's actions nor should we try to second guess trial counsel's tactical decisions
which do not fall below the objective standard of reasonableness. Young, 991 S.W.2d at 837-38; Solis v. State, 792 S.W.2d
95, 100 (Tex. Crim. App. 1990); Stone, 17 S.W.3d at 350.

In his motion for new trial, appellant asserted that because of his trial counsel's ineffectiveness, he was denied the
opportunity to present mitigating character evidence at trial. Attached to the motion were letters from several friends and
relatives stating that appellant had a difficult childhood, had made an effort to live a better and more responsible life, and
was needed by his new wife and infant. The record reflects that appellant pleaded guilty to theft, a third-degree felony
punishable by a term of imprisonment of not more than ten years or less than two years, and a fine of not more than
$10,000. See Tex. Pen. Code Ann. § 12.34 (Vernon 1994). Appellant received a sentence of six years imprisonment and
no fine.

According to the dissent, "there can be no doubt that appellant Walley was denied the effective assistance of counsel at his
sentencing hearing." The dissent believes "[c]ounsel should be sanctioned for his behavior."

Appellant's representation may indeed have been deficient. (1) However, because appellant was not totally unrepresented at
his punishment hearing, we must apply the Strickland test.

It cannot be disputed that appellant has failed to meet the second prong of the Strickland test. He has failed to prove by a
preponderance of the evidence that there is a reasonable probability that, but for counsel's unprofessional errors, the result
of the proceedings would have been different.

Appellant specifically complains that his trial counsel did not put on certain mitigating evidence. However, he has made no
showing that, had his counsel called his friends and relatives to testify, the trial court would have given him a lighter
sentence. Accordingly, we hold that appellant has failed to meet his burden of showing by a preponderance of the evidence
that, but for his trial counsel's unprofessional errors, the outcome of his sentencing hearing would have been different. (2)
We overrule appellant's sole point of error.

The judgment of the trial court is affirmed.




FEDERICO G. HINOJOSA

Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

31st day of August, 2001.

1. We note, however, that employing a technique of "refusing to participate" in a hearing could constitute brilliant trial
strategy, especially if it results in a new trial or a new punishment hearing on appeal.

2. We note that performance of counsel cannot generally be examined based on a trial court record. Kemp v. State, 892
S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd) (citing Jackson v. State, 877 S.W.2d 768 (Tex. Crim.
App. 1994)). Such a record may be developed during a hearing on an application for a writ of habeas corpus. See Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).






NUMBER 13-99-693-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


JOHNNY LEE WALLEY , Appellant,

v.



THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 248th District Court

of Harris County, Texas.

__________________________________________________________________


DISSENTING OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Dissenting Opinion by Justice Dorsey


There can be no doubt that appellant Walley was denied the effective assistance of counsel at his sentencing hearing. His
counsel, who had earlier filed a motion to be allowed to withdraw, refused to participate in the hearing, asked to be excused
during the hearing, and offered to present only immaterial evidence, which was refused. Attached to the motion for new
trial, in which counsel admitted he was ineffective, were statements from Walley's employer, landlord, family members and
friends attesting to his good character and asking for mercy. All of these handwritten petitions were dated prior to the
sentencing hearing, but at that hearing counsel made no mention of potential witnesses he wanted to call.

Appellant Walley was not represented by counsel at the hearing to assess punishment. The lawyer who was supposed to be
representing him was there, although he explicitly refused to participate in the proceedings. At issue is the fundamental
Sixth Amendment right to be represented by counsel, as secured by Escobedo v. Illinois, 378 U.S. 478 (1964). A criminal
defendant is entitled to representation at both the trial of guilt and of punishment in Texas's bifurcated system. 

To go to a harm analysis and then to require incompetent counsel to create a record showing harm is to suspend belief. To
require a showing of explicit harm, after there has been a complete failure of counsel to participate in the hearing, is to strip
the constitutional guaranty of value. 

Counsel should be sanctioned for his behavior, but the client is entitled to representation. 

I would reverse and remand for a new punishment hearing. I respectfully dissent.

______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Dissenting Opinion delivered and filed

this 31st day of August, 2001.