In The

Court of Appeals

For The

First District of Texas

_______________


NO. 01-01-00977-CR 

_______________


CHRISTOPHER MARION MULLONE, Appellant

V.

THE STATE OF TEXAS, Appellee

 
On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 799153

 


O P I N I O N


 After appellant pleaded true to one of the allegations in the the State's motion
to adjudicate appellant's guilt, the trial court adjudicated him guilty of possessing
more than one gram and less than four grams of cocaine, and sentenced him to six
years prison-confinement. Appellant filed a general motion for new trial that was
overruled by operation of law. A notice of appeal was timely filed.

 Counsel has filed a brief stating his opinion that the appeal is frivolous. The
brief meets the minimum requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and
stating why there are no arguable grounds of error on appeal. See Gainous v. State,
436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

 Counsel certifies that the brief was delivered to appellant, and he was advised
he had a right to file a pro se response. Thirty days have passed, and appellant has
not filed a pro se response. 

 In his Anders brief, appellant's counsel raises as a possible issue for review that
after adjudicating appellant's guilt, the trial court did not give appellant a separate
hearing on punishment. 

 After closing arguments, the following occurred:

 Court: Mr. Mullone, the Court finds the allegations against you to be
true, therefore, finds you guilty of the offense of possession of a
controlled substance and assesses your punishment at six years
confinement in the Texas Department of Criminal Justice institution. 
Are you prepared for sentencing today?


 Defendant: Yes.


 Court: Are you prepared to be sentenced today or do you have any
reason of law why you should not be sentenced?


 Hearing no reason, the Court having found you guilty of the offense of
possession . . . .


 During the hearing on the merits of the motion to adjudicate guilt, appellant's
attorney asked appellant if he had anything he wanted to tell the Judge about the
disposition of the case, to which appellant responded by asking the trial court to have
mercy on him and continue his deferred adjudication community supervision.

 Appellant's counsel cites Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App.
1992) for the proposition that when the trial court finds that an accused has
committed a violation as alleged by the State and adjudicates a previously deferred
finding of guilt, the court must then conduct a second phase to determine punishment
and Borders v. State, 846 S.W.2d 834, 836 (Tex. Crim. App. 1992) for the
proposition that trial court error in not doing so can be preserved in a motion for new
trial.

 Appellant's counsel ultimately concluded that the isssue was not preserved for
review either because appellant had an opportunity to object to the lack of a
sentencing hearing when the trial court asked appellant if he was ready for sentencing
or because he did not raise the lack of a sentencing hearing in his motion for new
trial. For both reasons cited by appellant, we agree that the issue was not preserved
for review. Regarding the necessity of specifically raising the issue of a lack of a
sentencing hearing in a motion for new trial, see Vidaurri v. State, 49 S.W.3d, 880,
886 (Tex. Crim. App. 2001) holding that a defendant who had not objected to a lack
of a sentencing hearing following his adjudication of guilt must raise that matter in
a motion for new trial to give the trial judge the opportunity to allow appellant to
present punishment evidence or make a ruling denying appellant such an opportunity.

 We have reviewed the record and counsel's brief. We have performed an
independent review of the record. We hold there are no arguable grounds for appeal.

 We affirm the judgment.

 We grant appellant's counsel's motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Counsel still has
a duty to inform appellant of the result of this appeal and also to inform appellant that
he may, on his own, pursue discretionary review in the Court of Criminal Appeals. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

PER CURIAM

Panel consists of Chief Justice Schneider and Justice Radack.

Do not publish. Tex. R. App. P. 47.