clough v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-234-CR

FLOYD STEPHEN CLOUGH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Floyd Stephen Clough appeals from his conviction for aggravated assault with a deadly weapon.  In two issues on appeal, Appellant contends that the trial court erred by not preparing a written presentence investigation (PSI) report and by not conducting a substance abuse evaluation as required by the code of criminal procedure.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 9(a), (h) (Vernon Supp. 2003).  We affirm.

Appellant was indicted for assaulting his girlfriend while exhibiting a knife.  On February 6, 1998, Appellant entered an open plea of guilty to aggravated assault with a deadly weapon, a second degree felony with a punishment range of two to twenty years’ imprisonment and up to a $10,000 fine.  
See
 
Tex. Penal Code Ann.
 §§ 12.33(a), (b); 22.02(a)
 (Vernon 2003).  Appellant  requested, and the court ordered, a PSI report.  On October 23, 1998, Appellant returned to court, entered a plea agreement, and expressly waived the PSI report.  The trial court followed the plea agreement, placed Appellant on deferred adjudication for seven years, and fined him $300.  Appellant did not attempt to appeal or otherwise complain of the trial court’s judgment, and no reporter’s record of the proceedings was brought forward.  

On February 22, 2002, the State filed a petition to proceed to adjudication alleging that Appellant violated the conditions of his community supervision by committing a new offense.  The trial court held a hearing on the State’s petition on May 24, 2002, found the allegations were true, and adjudicated Appellant’s guilt.  The trial court sentenced Appellant to twenty years’ confinement.  Appellant filed a motion for new trial in which he complained for the first time that the trial court had not ordered a PSI report and had not ordered a substance abuse evaluation to be conducted as required by the code of criminal procedure. 
 
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 9(a), (h)
.
(footnote: 2) 
 The trial court overruled the motion. 

In his two issues, Appellant makes the same complaints that he made in his motion for new trial—that the trial court erred by not ordering a PSI report and by not ordering a substance abuse evaluation.  
See id.
  Appellant argues that he properly raised these issues for the first time in his motion for new trial.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  
Further, the trial court must have ruled on the request, objection, or motion, expressly or implicitly, or refused to rule, and the complaining party must have objected to the refusal.  
Tex. R. App. P.
 33.1(a)(2); 
Taylor v. State
, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).
 

To support his argument, Appellant relies on 
Borders v. State,
 846 S.W.2d 834 (Tex. Crim. App. 1992) and
 Issa v. State, 
826 S.W.2d 159 (Tex. Crim. App. 1992).  These cases involved defendants who complained for the first time in a motion for new trial that the trial court erred by failing to hold separate punishment hearings after finding them guilty.  
Borders, 
846 S.W.2d at 834-35; 
Issa,
 826 S.W.2d at 160-61.  In each case, the court of criminal appeals held that the complaints were preserved because the defendants were not given the opportunity to object or present evidence before the trial court imposed sentence.  
Borders,
 846 S.W.2d at 835-36; 
Issa, 
826 S.W.2d at 160-61. In other words, each defendant raised his complaint at the earliest opportunity.

 Unlike the defendants in 
Borders
 and 
Issa
, Appellant did not raise his complaints at the earliest opportunity. The record contains no evidence that Appellant requested a PSI report at any time after waiving his right to the report or that he objected to the trial court’s failure to order a PSI report and conduct a substance abuse evaluation. 
The trial court gave Appellant an opportunity to request or object to the absence of a PSI report during the punishment phase of trial and for the substance abuse evaluation before it imposed sentence.
(footnote: 3) Appellant, however, did not raise his complaints.
  We hold that Appellant did not preserve error by raising these issues in his motion for new trial because the motion for new trial did not constitute a timely request or objection under the facts of this case.  
See 
Tex. R. App. P.
 33.1(a)(1); 
Mosley,
 983 S.W.2d at 265.

We overrule Appellant’s issues and affirm the trial court’s judgment.

PER CURIAM

PANEL A: HOLMAN, J.; CAYCE, C.J. and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 1, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Section 9 requires a judge charged with imposing a sentence in a felony case to order a PSI report prior to imposing sentence.  
Id.
 art. 42.12, § 9(a).  Section 9 also requires that, after a trial judge makes a determination that alcohol or drug abuse may have contributed to the commission of the offense, the trial judge shall direct an approved person to conduct an evaluation to determine the appropriateness of alcohol or drug rehabilitation for a defendant and to report that evaluation to the judge after conviction and prior to the imposition of a sentence in all cases where a trial judge assesses punishment.  
Id.
 art. 42.12, § 9(h).

3:
The trial court proceeded to the punishment phase of trial without a break in the court proceedings.  The trial judge did, however, say to counsel, “So we’re now in a sentencing hearing.  Y’all need a second to line your ducks up?”  Both State and Appellant responded that they were “ready.”  Thereafter, both sides presented testimony.  Before the closing arguments, the trial court asked both sides if they needed time to “get [their] thoughts together” before proceeding and each side said it was ready.