COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-234-CR
 
FLOYD STEPHEN CLOUGH                                                                
APPELLANT
V.
THE STATE OF TEXAS   
                                                                        
STATE
------------
FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Floyd Stephen Clough appeals
from his conviction for aggravated assault with a deadly weapon. In two issues
on appeal, Appellant contends that the trial court erred by not preparing a
written presentence investigation (PSI) report and by not conducting a substance
abuse evaluation as required by the code of criminal procedure. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a), (h) (Vernon Supp. 2003). We
affirm.
Appellant was indicted for assaulting his
girlfriend while exhibiting a knife. On February 6, 1998, Appellant entered an
open plea of guilty to aggravated assault with a deadly weapon, a second degree
felony with a punishment range of two to twenty years' imprisonment and up to a
$10,000 fine. See Tex. Penal Code Ann. §§ 12.33(a), (b); 22.02(a)
(Vernon 2003). Appellant requested, and the court ordered, a PSI report. On
October 23, 1998, Appellant returned to court, entered a plea agreement, and
expressly waived the PSI report. The trial court followed the plea agreement,
placed Appellant on deferred adjudication for seven years, and fined him $300.
Appellant did not attempt to appeal or otherwise complain of the trial court's
judgment, and no reporter's record of the proceedings was brought forward.
On February 22, 2002, the State filed a
petition to proceed to adjudication alleging that Appellant violated the
conditions of his community supervision by committing a new offense. The trial
court held a hearing on the State's petition on May 24, 2002, found the
allegations were true, and adjudicated Appellant's guilt. The trial court
sentenced Appellant to twenty years' confinement. Appellant filed a motion for
new trial in which he complained for the first time that the trial court had not
ordered a PSI report and had not ordered a substance abuse evaluation to be
conducted as required by the code of criminal procedure. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 9(a), (h).(2) The
trial court overruled the motion.
In his two issues, Appellant makes the
same complaints that he made in his motion for new trial--that the trial court
erred by not ordering a PSI report and by not ordering a substance abuse
evaluation. See id. Appellant argues that he properly raised these
issues for the first time in his motion for new trial.
To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion. Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh'g), cert. denied, 526 U.S. 1070 (1999). Further, the trial
court must have ruled on the request, objection, or motion, expressly or
implicitly, or refused to rule, and the complaining party must have objected to
the refusal. Tex. R. App. P. 33.1(a)(2); Taylor v. State, 939 S.W.2d
148, 155 (Tex. Crim. App. 1996).
To support his argument, Appellant relies
on Borders v. State, 846 S.W.2d 834 (Tex. Crim. App. 1992) and Issa
v. State, 826 S.W.2d 159 (Tex. Crim. App. 1992). These cases involved
defendants who complained for the first time in a motion for new trial that the
trial court erred by failing to hold separate punishment hearings after finding
them guilty. Borders, 846 S.W.2d at 834-35; Issa, 826 S.W.2d
at 160-61. In each case, the court of criminal appeals held that the complaints
were preserved because the defendants were not given the opportunity to object
or present evidence before the trial court imposed sentence. Borders,
846 S.W.2d at 835-36; Issa, 826 S.W.2d at 160-61. In other words, each
defendant raised his complaint at the earliest opportunity.
Unlike the defendants in Borders
and Issa, Appellant did not raise his complaints at the earliest
opportunity. The record contains no evidence that Appellant requested a PSI
report at any time after waiving his right to the report or that he objected to
the trial court's failure to order a PSI report and conduct a substance abuse
evaluation. The trial court gave Appellant an opportunity to request or object
to the absence of a PSI report during the punishment phase of trial and for the
substance abuse evaluation before it imposed sentence.(3)
Appellant, however, did not raise his complaints. We hold that Appellant did not
preserve error by raising these issues in his motion for new trial because the
motion for new trial did not constitute a timely request or objection under the
facts of this case. See Tex. R. App. P. 33.1(a)(1); Mosley,
983 S.W.2d at 265.
We overrule Appellant's issues and affirm
the trial court's judgment.
 
                                                                   
PER CURIAM
 
PANEL A: HOLMAN, J.; CAYCE, C.J. and DAY,
J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 1, 2003

1. See Tex. R. App. P. 47.4.
2. Section 9 requires a judge charged with imposing a
sentence in a felony case to order a PSI report prior to imposing sentence. Id.
art. 42.12, § 9(a). Section 9 also requires that, after a trial judge makes a
determination that alcohol or drug abuse may have contributed to the commission
of the offense, the trial judge shall direct an approved person to conduct an
evaluation to determine the appropriateness of alcohol or drug rehabilitation
for a defendant and to report that evaluation to the judge after conviction and
prior to the imposition of a sentence in all cases where a trial judge assesses
punishment. Id. art. 42.12, § 9(h).
3. The trial court proceeded to the punishment phase of
trial without a break in the court proceedings. The trial judge did, however,
say to counsel, "So we're now in a sentencing hearing. Y'all need a second
to line your ducks up?" Both State and Appellant responded that they were
"ready." Thereafter, both sides presented testimony. Before the
closing arguments, the trial court asked both sides if they needed time to
"get [their] thoughts together" before proceeding and each side said
it was ready.