NUMBER 13-02-645-CR AND 13-02-646-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
HONG NGUYEN,                                                                          Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 248th District Court
of Harris County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Chief Justice Valdez
         Following a bench trial, appellant, Hong Nguyen, was convicted of driving while
intoxicated after two prior convictions for the same offense and sentenced to three
years imprisonment. The trial court also adjudicated appellant guilty of indecency with
a child and sentenced him to ten years imprisonment. Appellant raises the following
three issues on appeal: (1) the trial court erred by failing to conduct a punishment
hearing after the deferred adjudication of guilt for indecency with a child; (2) the trial
court erred by failing to conduct a punishment hearing after finding appellant guilty of
driving while intoxicated; and (3) the State failed to prove beyond a reasonable doubt
that appellant had been convicted of driving while intoxicated on two prior occasions. 
We affirm.I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite the facts here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. ANALYSIS
A. Lack of Punishment Hearing
1. After Deferred Adjudication of Guilt
         Appellant’s first contention is that the court erroneously failed to conduct a
punishment hearing after appellant was adjudicated guilty of indecency with a child. 
The State concedes this point. See Pearson v. State, 994 S.W.2d 176, 178-79 (Tex.
Crim. App. 1999) (defendant is entitled to punishment hearing after adjudication of
guilt and trial court must allow defendant opportunity to present evidence). The State
contends, however, that appellant waived our review of this issue by failing to timely
object in the trial court. 
         Generally, a defendant must make a timely objection stating the specific ground
and pursue a ruling on the objection to preserve a complaint for appellate review. Tex.
R. App. P. 33.1(a); Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999);
Pearson, 994 S.W.2d at 179. Where a trial court finds the defendant guilty and
immediately assesses punishment without giving the defendant an opportunity to
object, the defendant may preserve error by filing a timely motion for a new trial. 
Hardeman, 1 S.W.3d at 690; Pearson, 994 S.W.2d at 179; Issa v. State, 826 S.W.2d
159, 161 (Tex. Crim. App. 1992) (per curiam). The State relies on Hardeman to
support its contention that appellant failed to properly preserve this issue for our
review.
         In Hardeman the trial court adjudicated guilt on the appellant’s original charge
of delivering less than twenty-eight grams of cocaine. Id. at 690. After adjudicating
guilt, the trial court asked the appellant whether he had anything to say before the
court pronounced sentence. Id. The appellant did not respond. Id. The trial court
sentenced the appellant without conducting a separate punishment hearing. Id. On
appeal, the appellant contended the trial court erred by not conducting a separate
punishment hearing after the deferred adjudication of guilt. Id. The court of criminal
appeals held, because the appellant was given an opportunity to object and to present
evidence when he was asked if he had anything to say, but did neither, that the
appellant waived appellate review of the issue. Id. at 690-91.
         Here, after the trial court adjudicated appellant guilty of indecency with a child,
the trial court sentenced him to three years imprisonment without holding a separate
sentencing hearing. The court then asked appellant, “Do you have anything to say
why sentence of the law should not be pronounced against you, sir?” Appellant
answered no. 
         Like the appellant in Hardeman, appellant in this case was given an opportunity
to object to the trial court’s error in failing to conduct a separate punishment hearing
but failed to make an objection. Thus, appellant failed to preserve error. Accordingly,
we overrule his first issue. 
2. After Conviction for Driving While Intoxicated
         Appellant’s second contention is that the trial court erred in failing to conduct
a separate punishment hearing after finding appellant guilty of driving while
intoxicated. Again, the State concedes no separate punishment hearing was held but
contends appellant waived error by not objecting to the lack of a sentencing hearing. 
Appellant responds, citing Borders v. State, 846 S.W.2d 834, 835-36 (Tex. Crim.
App. 1992), that his failure to object to the lack of a punishment hearing on the
driving-while-intoxicated conviction did not result in waiver. 
         In Borders, the trial court found the appellant guilty of possession of cocaine
with intent to deliver and imposed the sentence without holding a separate punishment
hearing. Id. at 834-35. After the court announced the punishment, it asked the
appellant if there was any reason why the sentence should not be imposed, to which
the appellant answered no. Id. at 835. Although the appellant did not object at that
time, he did file a motion for a new trial complaining of the lack of a separate
punishment hearing. Id. at 836.
         The court of criminal appeals noted article 37.07 of the code of criminal
procedure required the trial court to afford the defendant the opportunity to present
evidence regarding punishment after it found the defendant guilty. Id. at 835
(discussing Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon Supp. 2004)). The court
concluded, based on article 37.07, that the defendant did not waive the right to
present punishment evidence by not objecting at trial even though the defendant was
asked if there was any reason why the sentence should not be imposed. Id. at 836. 
The court found, although the appellant did not object to the lack of a punishment
hearing, that the timely filed motion for a new trial was sufficient to preserve error for
appellate review. Id.


 
         Here, after appellant was found guilty of driving while intoxicated, he was asked
if there was any reason why the sentence should not be imposed, and he answered
no. Under Borders, appellant’s failure to object at that time to the lack of a
punishment hearing on the driving-while-intoxicated conviction did not waive our
review of the issue. See id. However, appellant failed to file a timely motion for a
new trial raising the issue. Accordingly, even under Borders, appellant failed to
preserve this issue for our review. See id.; Issa, 826 S.W.2d at 161. Appellant’s
second issue is overruled.
B. Sufficiency of Evidence of Prior Convictions
         In his third issue, appellant alleges the State failed to prove beyond a reasonable
doubt that appellant twice had been convicted previously of driving while intoxicated. 
Specifically, appellant contends that the State, in relying on the Special Person
Numbers (SPNs) appearing on the prior judgments, did not sufficiently link appellant
to the two previous convictions for driving while intoxicated. 
         In evaluating this issue, we view the evidence in the light most favorable to the
verdict and determine whether a rational trier of fact could find that appellant was the
same person convicted in the prior offenses beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Human v. State, 749 S.W.2d 832, 834 (Tex.
Crim. App. 1988). There are various acceptable methods to prove the prior criminal
record of a defendant. Lyle v. State, 669 S.W.2d 853, 855-56 (Tex. App.–Corpus
Christi 1984, no pet.) These include: (1) testimony of a witness who identifies the
defendant as the same person previously convicted; (2) stipulation or judicial admission
of the defendant; (3) introduction of certified copies of the judgment and sentence and
record of the Texas Department of Corrections or a county jail, including fingerprints
of the defendant, supported by expert testimony identifying them with known prints
of the defendant; and (4) comparison by the fact finder of a record of conviction that
contains photographs and a detailed physical description of the named person with the
appearance of the defendant in court. Littles v. State, 726 S.W.2d 26, 31 (Tex. Crim.
App. 1987); Alridge v. State, 732 S.W.2d 395, 397 (Tex. App.–Dallas 1987, pet.
ref’d); Lyle, 669 S.W.2d at 856. However, this list is not exclusive or exhaustive. 
Human, 749 S.W.2d at 835. Each case should be judged on its own individual merits. 
Littles, 726 S.W.2d at 32. 
         Here, the State introduced into evidence a copy of two judgments showing
previous convictions for driving while intoxicated. The State also offered the
testimony of Officer Steven Allen Davis of the Harris County Sheriff’s Department,
who is a crime scene investigator and fingerprint examiner. Davis testified that an
SPN is a number assigned to an individual when the individual is “processed into” the
county jail system. The number is unique to the individual and is used to identify the
individual in the jail system for the rest of his life. Each time the individual enters the
jail system, his SPN is confirmed by a fingerprint comparison. 
         Davis also testified that fingerprint samples taken from appellant on the day of
trial matched the fingerprints on various documents in the court’s file for the
indecency-with-a-child case. These documents showed appellant’s SPN is 687242. 
Davis then testified that the SPN that appeared on the judgments for the two previous
convictions was 687242.
         Based on this evidence, we conclude a rational trier of fact could have found
beyond a reasonable doubt that appellant was the same person convicted of the prior
offenses. We overrule appellant’s third issue.
III. CONCLUSION
We affirm the judgment of the trial court. 
 
                                                                                                        
                                                               Rogelio Valdez,
                                                               Chief Justice
 
Do not publish. 
Tex. R. App. P. 47.2(b)
Memorandum Opinion delivered and filed
this 12th day of August, 2004.