

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00083-CR

_____

ROBERT SHAYNE KINSLOW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01648

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Robert Shayne Kinslow's guilt has been adjudicated on two counts of indecency with a child, and his community supervision has been revoked on a burglary conviction.[1] At the late 2013 hearing accomplishing the above, the trial court sentenced Kinslow to two consecutive twenty-year terms on the indecency counts and a two-year term for the burglary. On appeal, Kinslow complains that the trial court wrongly failed to conduct a sentencing hearing after adjudicating him guilty and wrongly assessed attorney fees against him.

We modify the judgment of the trial court to remove attorney fees and affirm it as modified, because (1) Kinslow failed to preserve his complaint about his sentencing and (2) the indigent Kinslow should not have been assessed attorney fees.

*(1)    Kinslow Failed to Preserve His Complaint About His Sentencing*

Kinslow argues that the trial court erred in failing to conduct a sentencing hearing after adjudicating him guilty on the two counts of indecency with a child.

In support of his argument, he cites *Issa v. State*, where Issa was adjudicated guilty of theft and then immediately sentenced to ten years' confinement. *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992). Issa appealed, arguing that the trial court erred by failing to conduct a sentencing hearing after it adjudicated his guilt. *Id.* at 160. The court of appeals held that, because Issa did not object during the hearing, he failed to preserve the issue for its review. *Id.* However, the Texas Court of Criminal Appeals reversed the court of appeals' decision, finding that Issa preserved the issue by raising it in a timely motion for new trial. *Id.* at 161.

---

[1]In May 2011, in Red River County, Texas, Kinslow had been placed on deferred adjudication community supervision for two charges of indecency with a child and, on the same day, convicted of one charge of burglary.

Here, Kinslow failed to object during the hearing and also failed to file a motion for new trial.[2] Therefore, Kinslow failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1; *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Borders v. State*, 846 S.W.2d 834, 836 (Tex. Crim. App. 1992).

*(2)     The Indigent Kinslow Should Not Have Been Assessed Attorney Fees*

In its judgment, the trial court assessed court costs and attorney fees of $2,250.25 against Kinslow. The record indicates that $1,181.25 of those costs and fees are attributable to the costs of Kinslow's court-appointed trial counsel. Kinslow contends that, because he was indigent, the trial court erred in assessing attorney fees against him. We agree.

A claim of insufficient evidence to support court costs and court-appointed attorney fees is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

A trial court may order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556). Court-

---

[2]Kinslow acknowledges that he failed to file a motion for new trial. He contends, however, that he had no opportunity to file a motion because he was adjudicated guilty and his appellate counsel was appointed April 14, 2014, yet the reporter's record in this case was not filed until July 1, 2014, two weeks after the deadline to file a motion for new trial. Absent a record showing otherwise, we must apply the presumption that "the reason that a motion for new trial was not filed was because the appellant considered filing but opted not to file it." *Benson v. State*, 224 S.W.3d 485, 490 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998)).

appointed attorney fees cannot be assessed against an indigent person unless there is proof and a finding that he or she is no longer indigent. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Mayer*, 309 S.W.3d at 556–57.

It is undisputed that, before trial, the court determined that Kinslow was indigent and appointed trial counsel to represent him. The State contends, however, that, by assessing the attorney fees against Kinslow, the trial court made an implied finding that he was no longer indigent. There was testimony during the hearing that Kinslow had paid the required fees and costs of his community supervision for at least one of the three cases at issue, including court costs of $303.00 as well as the $50.00 Crime Stopper fee. The State argues that the testimony is sufficient evidence to support the court's implied finding.

The State's implied-finding argument overlooks the trial court's explicit finding that, at the time of the adjudication, revocation, and sentencing, Kinslow was "too poor to employ counsel for his Appeals" and, therefore, "the Honorable Don Biard, a practicing attorney at this bar" was "appointed to represent [Kinslow] in said Appeals." The assessment of attorney fees was erroneous and must be removed. *Cates*, 402 S.W.3d at 252; *see Mayer*, 309 S.W.3d 552; *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

We modify the trial court's judgment by deleting from it the sum of $1,181.25, the attorney fees component of the assessment. We affirm the judgment, as so modified.


                                                Josh R. Morriss, III
                                                Chief Justice

Date Submitted:       November 17, 2014
Date Decided:         December 19, 2014


Do Not Publish